IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KAREN FREEDMAN,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING CASE WITHOUT PREJUDICE<br><br><br>Case No. 2:19-CV-10 TS<br><br>District Judge Ted Stewart |

  Plaintiff, proceeding pro se, originally filed this action in state court. Defendant removed the case to this Court on January 4, 2019. Defendant filed a Motion to Dismiss, but has not filed an answer or motion for summary judgment. Plaintiff has filed her own Motion to Dismiss, asking that her case be dismissed without prejudice.

  Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntary dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Unless that notice states otherwise, "the dismissal is without prejudice."[1]

  "Under Rule 41(a)(1)(i), a plaintiff has an absolute right to dismiss without prejudice and no action is required on the part of the court."[2] While Plaintiff filed a Motion to Dismiss rather than a notice of dismissal, she has an absolute right to dismiss her case without prejudice since

---

[1] Fed. R. Civ. P. 41(a)(1)(B).

[2] *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003).

1

Defendant has not served an answer or motion for summary judgment.³ Because Plaintiff is proceeding pro se, her "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."⁴ Applying this less stringent standard, it appears clear that Plaintiff's Motion was an attempt to seek dismissal under Rule 41(a)(1)(i). This is made evident by Plaintiff's specific request that any dismissal be without prejudice, which is the default under Rule 41(a)(1)(B).

Defendant argues that any dismissal should be with prejudice because Plaintiff's claim cannot be brought against the University of Utah. However, once a notice of dismissal has been filed under Rule 4(a)(1)(i), "the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them."⁵ Thus, having construed Plaintiff's Motion as a notice of dismissal, the Court has no authority to dismiss Plaintiff's claim with prejudice. "[T]he action on the merits is at an end."⁶

It is therefore

ORDERED that Plaintiff's Motion to Dismiss (Docket No. 11) is GRANTED. This action is dismissed without prejudice. The Clerk of the Court is directed to close this case forthwith.

---

³ *See DeLeon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) (stating that defendant who filed a motion to dismiss had not filed an answer or motion for summary judgment).

⁴ *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

⁵ *Janssen*, 321 F.3d at 1000 (quoting *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001)).

⁶ *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) (discussing Rule 41(a)(1)(A)(ii)).

DATED this 23rd day of January, 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge